# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY G. PLUMMER, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  2:16-cv-00379-SGC |
| | ) | |
| BIOMET, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

This lawsuit was originally filed in the Circuit Court of Jefferson County by

Plaintiffs, Bobby G. Plummer, Jr., and Cary Y. Plummer.  (Doc. 1-1).  This matter

arises from a 2015 hip surgery performed on Mr. Plummer, and originally named

six defendants.  (*Id.*).[2]  On March 2, 2016, Defendants Biomet, Inc., and Biomet

Orthopedics, LLC (the "Biomet Defendants"), removed to this court on the basis of

diversity jurisdiction.  (Doc. 1).  The Biomet Defendants contend the remaining

defendants, Jazz Medical, Inc., and Ray Flournoy, were fraudulently joined,

meaning: (1) their citizenship can be ignored for purposes of diversity jurisdiction:

and (2) their consent to removal was not required.  (*Id*. at 3).

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge
pursuant to 28 U.S.C. § 636(c).  (Doc. 17).

[2] Following removal, Plaintiffs subsequently filed a notice of voluntary dismissal concerning
Biomet, LLC, and Zimmer Biomet Solutions; all claims against these defendants have been
dismissed.  (*See* Docs. 15, 16).

Presently pending is Plaintiffs' motion to remand.  (Doc. 7).  The Biomet Defendants have responded (Doc. 13), and Plaintiffs have replied (Doc. 14). Accordingly, the motion is ripe for adjudication.  As explained below, Plaintiffs' motion to remand is due to be granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. Complaint

Mr. Plummer underwent surgery at St. Vincent's Hospital in 2006, during which Dr. David S. Buggay replaced his left hip with a metal-on-metal hip arthroplasty.  (Doc. 1-1 at 5).  On June 23, 2015, Dr. Buggay performed a revision of the hip arthroplasty to replace the original metal-on-metal implant with a new femoral implant.  (*Id*.).  The complaint alleges the replacement implant was designed, manufactured, marketed, promoted, and sold by the Biomet Defendants. (*Id*. at 4).  The complaint further alleges Jazz Medical served as the sales and marketing arm of the Biomet Defendants.  (*Id*.).  Plaintiffs contend Ray Flournoy was an agent, servant, or employee of Jazz Medical.  (*Id*. at 4-5).  Specifically, the complaint alleges Flournoy served as a sales representative who provided information to doctors about the proper Biomet implants to be used in surgeries. (*Id*. at 5).  Plaintiffs allege this information included the selection and sizing of implants and that Flournoy regularly was present and provided technical assistance to doctors during surgeries.  (*Id*.).

The complaint alleges Flournoy was present in the operating room during Mr. Plummer's 2015 revision surgery. (*Id*.). During the surgery, Dr. Buggay noticed the "femoral head or ball of the proposed implant appeared to be too large . . . ." (*Id*. at 5-6). Dr. Buggay allegedly asked Flournoy whether the implant was the appropriate size. (*Id*. at 6). After consulting via telephone with the engineering department of the Biomet Defendants, Flournoy told Dr. Buggay the implant was indeed the correct size. (*Id.*). Dr. Buggay then proceeded with the surgery and implanted the new prosthesis. (*Id.*). Following the surgery, Plummer noticed his left leg was longer than his right leg. (*Id.*). X-rays confirmed that the new implant was too large, and on July 17, 2015, Dr. Buggay performed another operation to remove the over-sized implant and replace it with the correct implant. (*Id.* at 6).

On these facts, Mr. Plummer asserts claims for negligence, wantonness, breach of implied warranties, and misrepresentation. (*Id*. at 6-9). Plaintiffs also assert a claim for loss of consortium. (*Id*. at 9).

## B. Notice of Removal

In their notice of removal, the Biomet Defendants agree Plaintiffs are citizens of Alabama; they further state that both Biomet Orthopedics, LLC, and Biomet, Inc., are Indiana citizens for purposes of diversity jurisdiction. (Doc. 1 at 8).[3]   Additionally, the notice of removal does not contest the complaint's

---

[3] Specifically, an affidavit attached to the notice of removal avers Biomet Orthopedics, LLC, is a

allegations that both Flournoy and Jazz Medical are Alabama citizens. (*See* Doc. 1-1 at 4-5; *see generally* Doc. 1). However, as noted above, the Biomet Defendants contend Flournoy and Jazz Medical are fraudulently joined because there is no possibility Plaintiffs can establish any of the claims asserted against the non-diverse defendants. (Doc. 1 at 10-15).[4] As discussed in more detail below, the Biomet Defendants contend Plaintiffs cannot maintain claims against Flournoy or Jazz Medical: (1) for negligence, wantonness, or breach of implied warranties because, as defined under Alabama law regarding product liability claims, neither of these named defendants was a "seller" of the over-sized implant; (2) for misrepresentation because the allegations that Flournoy merely relayed information from Biomet engineers regarding the over-sized implant do not state a claim for misrepresentation, much less a claim against Jazz Medical based on vicarious liability; and (3) for loss of consortium because, due to the alleged insufficiency of Plaintiffs' primary claims, there is no claim to which derivative liability may attach. (*Id*. at 12-15).

---

limited liability company organized under the laws of the state of Indiana with its principal place of business in Indiana. (Doc. 1-3 at 3). More importantly, the sole member of Biomet Orthopedics, LLC, is Biomet U.S. Reconstruction, LLC, which the notice of removal describes as an "Indiana limited liability company." (*Id.*; Doc. 1 at 9). The sole member of Biomet U.S. Reconstruction, LLC, is Biomet, Inc. (Doc. 1-3 at 3). Biomet, Inc., in turn, is a corporation organized under the laws of Indiana with its principal place of business in Indiana. (*Id.*).

[4] The Biomet Defendants further contend that the complaint's allegations satisfy the amount in controversy requirement for diversity jurisdiction. (Doc. 1 at 4-8). The court agrees.

## II. Discussion

An action filed in state court may be removed to federal court if the federal courts have original subject matter jurisdiction.  28 U.S.C. § 1441(a).  Generally, this means a federal court must be able to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).  Diversity jurisdiction requires every plaintiff be of diverse citizenship from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Furthermore, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

When a case is removed on the basis of diversity jurisdiction, a court must remand the case to state court if there is not complete diversity or one of the defendants is a citizen of the state in which the case was filed.  *Stillwell*, 663 F.3d at 1332 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1441(b)).  However, if a plaintiff has fraudulently joined a non-diverse defendant by naming that defendant solely to defeat diversity jurisdiction, a district court must ignore the presence of the non-diverse defendant for purposes of

determining diversity jurisdiction.  *Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006).

On a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction, *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998), which in a case removed on the basis of diversity jurisdiction means establishing the parties' citizenship, *see Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

As relevant here, a defendant seeking to prove a co-defendant was fraudulently joined must demonstrate that "there is no possibility the plaintiff can establish a cause of action against the resident defendant."  *Henderson*, 454 F.3d at 1281 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).  A defendant must demonstrate fraudulent joinder by clear and convincing evidence. *Id*.  A district court makes the determination regarding fraudulent joinder on the basis of the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.  *Pacheco*, 139 F.3d at 1380; *see Legg v. Wyeth*, 428 F. 3d 1317, 1322-23 (11th Cir. 2005).  The task is

not to gauge the sufficiency of the pleadings.  *Henderson*, 454 F.3d at 1284.  While

the procedure for resolving a fraudulent joinder claim is similar to that for ruling

on a motion for summary judgment, the former does not require a showing the

plaintiff could survive summary judgment.  *Crowe*, 113 F.3d at 1541.  Nor does it

require a showing the plaintiff has stated a plausible claim as required by Rule

12(b)(6) of the *Federal Rules of Civil Procedure*.  While the plausibility standard

applicable to a motion to dismiss brought pursuant to Rule 12(b)(6) "asks for more

than a sheer possibility that a defendant has acted unlawfully . . . all that is required

to defeat a fraudulent joinder claim is a possibility of stating a valid cause of

action."  *Stilwell*, 663 F.3d at 1333 (quotations omitted).  *But see Legg*, 428 F.3d at

1325 n.5 (noting the potential for legal liability must be reasonable and not merely

theoretical).

In reviewing the pleadings and other evidence for a possible cause of action

against an allegedly fraudulently joined defendant, a district court must view

factual allegations in the light most favorable to the plaintiff and resolve

uncertainties about applicable law in the plaintiff's favor.  *Stilwell*, 663 F.3d at

1333.  However, "there must be some question of fact before the district court can

resolve that fact in the plaintiff's favor."  *Legg*, 428 F.3d at 1323.  When a plaintiff

does not dispute a defendant's sworn statement that would preclude the imposition

of liability, there is no question of fact for the court to resolve in the plaintiff's

favor on a motion to remand.  *See id.*  The plaintiff must come forward with some evidence to dispute the defendant's sworn statement and not merely rely on the unsworn allegations contained in the complaint.  *See id.*; *Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 871 (11th Cir. 2015).

Here, the complaint asserts Alabama common law claims against all remaining defendants.  In their notice of removal, the Biomet Defendants contend Plaintiffs cannot establish claims for negligence, wantonness, or breach of warranties against Flournoy and Jazz Medical because neither of these defendants is a "seller" of the implant, as defined under Alabama law governing product liability claims.  (Doc. 1 at 12-14).  In the motion to remand, Plaintiffs explain they do not assert product liability claims.  (Doc. 7 at 5; *see* Doc. 14 at 3).  Plaintiffs contend the complaint does not allege the implant was defective in any manner; instead, the allegations are focused on the selection and provision of an implant that was the wrong size.  (Doc. 7 at 5).  A review of the complaint confirms Plaintiffs' contention that the claims against Jazz Medical and Flournoy are not related to the manufacture or design of the implant.

In response to Plaintiffs' arguments, the Biomet Defendants contend that, while styled as stand-alone claims, the complaint does not include any allegations against Flournoy or Jazz Medical that are independent of the conduct of the Biomet Defendants.  (Doc. 13 at 6).  The Biomet Defendants appear to argue that this

necessarily means any claims against Flournoy and Jazz Medical must comply with Alabama law regarding product liability claims, including the requirement that defendants to these claims must be "sellers," as defined under Alabama law. (*Id*. at 6-7).   The Biomet Defendants also contend the complaint does not sufficiently allege that Flournoy or Jazz Medical owed Plaintiffs a duty of reasonable care.   (*Id*. at 5-6).

In reply, Plaintiffs point to the affidavit of Dr. Buggay, submitted in support of the motion to remand.   (Doc. 7-1).   Dr. Buggay avers that Flournoy: (1) had served as his Biomet sales representative for "years;" (2) was present for "almost all" of his surgeries involving Biomet products; (3) was aware of the size of the implant Mr. Plummer needed; and (4) provided and selected the implant to be used in Mr. Plummer's June 23, 2015 surgery.   (*Id.* at 2).   Dr. Buggay also avers that when he asked Flournoy to confirm the new implant was the same size as the one being replaced, Flournoy answered affirmatively; Dr. Buggay proceeded with the surgery based on Flournoy's statement.   (*Id*).

To the extent the Biomet Defendants contend the complaint cannot establish a claim for negligence against Flournoy or Jazz Medical because these defendants are not sellers under Alabama law, this argument fails.   As Plaintiffs have explained, the complaint does not assert a product liability claim against Jazz Medical or Flournoy.   Instead, Plaintiffs allege, as properly supplemented by Dr.

9

Buggay's affidavit, *see Pacheco*, 139 F.3d at 1380; *Legg*, 428 F. 3d at 1322-23, Flournoy: (1) was present for "almost all" of his surgeries involving Biomet products over the preceding years; (2) was aware of the correct size of implant Plummer needed; and (3) selected and provided the wrong-sized implant during the June 23, 2015, surgery.  When Dr. Buggay specifically inquired as to whether the new implant was the same size as the old implant, Flournoy responded affirmatively.

It is worth noting that the Biomet Defendants do not contend Alabama product liability claims are the exclusive remedy against a sales representative like Flournoy.  Nor would such an argument succeed.  *See* ALA CODE § 6-5-521(e) (the definition of products liability action "is not to be construed to expand or limit the status of the common or statutory law except as expressly modified by the provisions of this division").  Moreover, the definition of "seller" notwithstanding, the facts alleged in the complaint likely would not constitute a product liability action, as defined under Alabama law.  *See* ALA. CODE §§ 6-5-501(2), 521(a).[5] Accordingly, the Biomet Defendants' arguments fail to the extent they contend Flournoy and Jazz Medical were not "sellers."

The Biomet Defendants' duty-based arguments fail as well.  "In determining

---

[5] Sections 6-5-501(2) and 521(a) define a product liability action as one brought due to injury "caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of a manufactured product."

whether a duty exists in a given situation [], courts should consider a number of factors, including public policy, social considerations, and foreseeability." *Smitherman v. McCafferty*, 622 So. 2d 322, 324 (Ala. 1993).    Under the circumstances presented here, the court has no difficulty discerning the presence of Flournoy's duty of reasonable care toward Plummer.  At the very least, Plaintiffs have "a possibility of stating a valid cause of action" for negligence against Flournoy and, by extension via *respondeat superior*, Jazz Medical.  *Stilwell*, 663 F.3d at 1333.  This conclusion is particularly true under the standard governing a motion to remand in the context of fraudulent joinder, in which all uncertainties concerning Alabama law are resolved in Plaintiffs' favor.

## III. Conclusion

Having found that Plaintiffs have demonstrated the reasonable possibility of stating a valid claim for negligence against Flournoy and Jazz Medical, non-diverse defendants, this court lacks subject matter jurisdiction over this matter. Accordingly, further analysis is unnecessary.  For all of the foregoing reasons, Plummer's motion to remand (Doc. 13) will be granted by separate order.  All other pending motions (Docs. 27, 28) are **DENIED** as **MOOT**.

**DONE** this 30th day of January, 2017.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

11